Moncure, J.
I concur in the opinion of Judge Daniel, except that, instead of dismissing the suit, I am for remanding it for removal to the Circuit court of Wayne to be tried therein, under § 3 of ch. 174 of the Code, p. 657.
The motion to dismiss the suit for want of jurisdiction was not made until after many depositions had been taken, by both parties, some of them expressly by consent of parties, to be read as evidence0 on the trial of the suit in the Circuit court of Cabell; and after it had been docketed, and. continued at the preceding term, apparently without objection. Under these circumstances, I think it would have been wrong to have dismissed the suit, and thus deprived the parties of the benefit of their depositions; but that it would have been proper to have ordered it to be removed to the Circuit court of Wayne.
Whether I would have reversed the judgment merely for the failure to order such removal, no specific motion for that purpose having been made, it is unnecessary to determine. I would have reversed it for other errors apparent in the record. I think the Circuit court erred in instructing the jury that inability to contract from voluntary drunkenness did not stand on the same ground as insanity or incapacity produced by the visitation of Grod; and that unless the intoxication *540 was produced by the grantee in the bill of sale, or brought about by his machinations, drunkenness of itself would not avoid the contract. I consider it to be now well settled that incapacity from drunkenness, however produced, will avoid a contract, in a suit brought to enforce it. I also think the court erred in instructing the jury that the grantee in the bill of sale, so far as he alleged or deposed to his own turpitude, was not a competent witness, and that he ought not to be heard to prove his own intoxication and incapacity therefrom at the time of making said bill of sale. I consider it to be now well settled, in this state as in England, that the objection referred to in this instruction goes to the credibility and not the competency of a witness. See Taylor v. Beck, 3 Rand. 316.
The other judges concurred in the opinion of Daniel, J.
Judgment reversed, the rule made absolute, and suit dismissed.